# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

TIMOTHY HAINES, )
                               Plaintiff, )
)
v. )   Case No. 08-00981-CV-W-FJG
)
SENTINEL INSURANCE COMPANY, )
et al., )
                               Defendant. )

## ORDER

Pending before the Court is defendant Sentinel Insurance Company's Motion for Realignment of Parties (Doc. No. 2), plaintiff's Motion to Remand (Doc. No. 4), defendants Joshua and Dennis Kauffman's Motion to Remand (Doc. No. 6), plaintiff's Motion for Hearing (Doc. No. 10), defendant Sentinel Insurance Company's Motion to Quash Discovery Requests (Doc. No. 15), and defendant Sentry Insurance Company's Motion for Leave to File Answer Out of Time (Doc. No. 17).

**I.    BACKGROUND**

Plaintiff Timothy Haines ("Haines") is suing defendants Joshua and Dennis Kauffman, Sentinel Insurance Company ("Sentinel"), and Sentry Insurance Company ("Sentry") for equitable garnishment pursuant to Mo. Rev. Stat. §379.200. Haines obtained a state court judgment against Joshua Kauffman for negligently driving his father's automobile and causing Haines's injuries in an automobile accident. Haines also sued Dennis Kauffman, Joshua's father, for negligent entrustment. The state court judgment amounted to approximately $1,900,000. The judgment has not been completely satisfied.

Sentinel provided automobile liability coverage to Dennis Kauffman at the time of his

son's accident, which included liability coverage of $50,000 per person and $100,000 per occurrence. Sentry provides liability coverage for KB Machine Shop, Inc., a company owned by Dennis Kauffman and where Joshua also works, which provides a $1 million dollar liability limit for covered automobile accidents. The automobile driven by Joshua in the accident was used for both personal and work purposes.

Defendant Sentinel Insurance has filed a notice of removal of this action (Doc. No. 1), and it has also filed, concurrent with this notice, a motion for realignment of parties (Doc. No. 2). Realignment of the parties is necessary if defendant is to establish jurisdiction because, as the parties currently are aligned, Haines is a resident of Missouri as is defendant Joshua Kauffman; therefore, complete diversity does not exist.

## II. LEGAL STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Williams v. Safeco Insur. Co. of America, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., 2005 WL 2563043, at *2 (D. Neb. Oct. 11, 2005) (citing Shamrock Oil & Gas Corp, at 107-09).

## III. DISCUSSION

2

As mentioned above, if the parties are not realigned in this action, then the case should be dismissed for lack of subject matter jurisdiction. The Court will consider whether realignment is proper in this case.

Defendant Sentinel argues that the Court must look beyond the pleadings and determine whether the parties are properly aligned according to their true interests in the litigation. It claims that the interests of Haines and the Kauffmans are not adverse because the adversity between them was settled in the state court action where Haines obtained a monetary judgment against the Kauffmans. Sentinel believes that Haines and the Kauffmans entered into an agreement wherein Haines would not attempt to collect the state court judgment from the Kauffmans' personal assets if they pursue a "bad faith" action against Sentinel. Sentinel argues that Haines and the Kauffmans are both attempting to obtain coverage from Sentinel to satisfy the state court judgment.

Haines disputes Sentinel's characterization of the terms of the agreement between the Kauffmans and himself. Haines states that the agreement allows him to enforce the judgment against any of Dennis Kauffman's income in excess of $200,000, regardless of the initiation of a "bad faith" action. Haines points out that if Joshua Kauffman does not bring a "bad faith" action against Sentinel or if such an action fails, Haines will still have the ability to enforce the judgment personally on Joshua Kauffman under their agreement. Therefore, Haines argues that, despite the agreement between Sentinel and the Kauffmans, adversity still exists.

Plaintiff also points out that the Eighth Circuit and other courts have consistently held that the court should not realign an insured as a plaintiff in actions that are brought pursuant to § 379.200. Section 379.200 states in relevant part:

> [u]pon recovery of a final judgment against any person . . . for loss or damage on account of bodily injury . . . if the defendant in such action was insured against said loss or damage at the time[,] . . . the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance . . . applied to the satisfaction of the judgment . . . and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity *against* the defendant *and* the insurance company to reach and apply the insurance money to the satisfaction of the judgment. (emphasis added)

In Glover v. State Farm Fire & Cas. Co., 984 F.2d 859 (8th Cir. 1993), the Eighth Circuit dismissed a tort victim's declaratory action against the tort feasor's insurer because it held that § 379.200 provided the sole remedy for the victim to sue the insurer. It noted that it was most probable that this statute required the joinder of the insured to the garnishment action as mandated by the plain language of the statute. In Cincinnati Ins. Co. v. R&L Siding, Inc., Case No. 01-04091-CV-C-NKL (W.D. Mo. June 21, 2002), the court held that realignment of the non-diverse insured was improper because the insured is a necessary party-defendant to a garnishment action under § 379.200. See also Parsons v. Allstate Ins. Co., et al., Case No. 02-421-CV-W-FJG (W.D. Mo. March 31, 2003) (relying on Cincinnati Ins. Co. in refusing to realign insured as a plaintiff in Missouri garnishment action).

Based on the foregoing cases, the Court finds that the realignment of Joshua Kauffman is improper in this action because he is a necessary party defendant to the action under Mo. Rev. Stat. § 379.200. Accordingly, complete diversity does not exist between the parties, and the Court does not have subject matter jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant Sentinel Insurance Company's Motion for Realignment of Parties (Doc. No. 2) and **GRANTS** plaintiff's Motion

4

to Remand (Doc. No. 4). The Court **DENIES AS MOOT** defendants Joshua and Dennis Kauffman's Motion to Remand (Doc. No. 6) and plaintiff's Motion for Hearing (Doc. No. 10).

This case is **REMANDED** to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Date: 3/11/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge